IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY HILL,

                              Civil No. 04-3028-CO

        Plaintiff,        FINDINGS AND RECOMMENDATION

    v.

TECHNICAL CHEMICAL
CORPORATION, a Texas
corporation,

        Defendant.

COONEY, Magistrate Judge:

    Plaintiff brings this products liability action against defendant alleging claims under the theories of strict products liability, negligence, and breach of warranty. Plaintiff seeks economic, non-economic, and punitive damages, interest, costs, and attorney's fees. The court has jurisdiction pursuant to 28 U.S.C. §1332. Defendant moves for summary judgment (#46).

I. **FACTS**

Plaintiff purchased a SUVA 134a auto refrigerant canister at a local Medford, Oregon NAPA auto parts store. (Plaintiff's Depo. at 28). On June 7, 2003, plaintiff was recharging the air conditioning unit of a 1995 Chrysler Town & Country van owned by Robert Galas. (Id.).

Automobile air conditioners have a high pressure and low pressure side. (Id.). The low pressure side has a different connection than the high pressure side; one is larger than the other. (Id.).

Plaintiff hooked up the low side connection to the low side of the air conditioning system and the high pressure side to the high pressure side. (Id.). Plaintiff attached the first canister to the system, fired the vehicle on, turned on the AC, opened the low side gauge, and started the charge. (Id. at 39). He watched the gauge readings and the flow of freon. (Id.). It took the first canister successfully. (Id.).

Plaintiff continued to charge the air condition, but there was a spike on the low side . (Id. at 51). Plaintiff went to touch the connection and the canister blew up, inuring his right hand and arm. (Id.).

Plaintiff's expert, Mr. Howitt, opined that

> . . . to explain this accident one would have to explain why the can did not explode earlier when the pressure had been higher. What appears to be the most likely explanation [for the can exploding], is that the can was

FINDINGS AND RECOMMENDATION - 2

> some how connected to the high pressure side of the air conditioner and so the vehicle should be examined to make sure that such a connection was not inadvertently made before conducting any further testing. That the connection the air conditioning system was a quick fit type means that this should not normally have been possible but it is possible that during some sort of system conversion the wrong types of connector were added to the vehicle. Since the 134a inside the can is a pressurized liquid vapor mixture it could not have been over pressurized coming from the manufacturer unless the can had been overfilled to the point where it contained only liquid. Had this been the case it is possible that the can could have been over pressurized by thermal expansion but had this been the case there should have been a pressure relief, rather than a surge, when it was attached to the air conditioning system.

(Howitt Report at 3).

Plaintiff's attorney has hired a second expert, Mr. Yamashita, a mechanical engineer. (Reed Affidavit). Mr Yamashita's report states the following:

> Based upon my review of the case facts and documents provided me related to the explosion incident of the R134a canister during refrigerant recharging of a 1995 Chrysler Town & County minivan, it is my expert opinion that there was a deficiency in the manufacturer's design of the R134a canister. This design deficiency (or design defect) failed to meet pressure vessel design requirements for pressurization cycles that are commonly encountered in automotive HVAC (heating, ventilation & air conditioning) systems.
>
> When the high and low pressure sections of an automotive HVAC system reach normalization, the high side refrigerant pressure bleeds down into the low pressure side to achieve equilibrium in pressure. Equalization pressures on both low and high pressure sides of the HVAC can exceed 200 psi. The R134a canister was manufactured & designed to meet 180 psi maximum pressurization.
>
> With engine compartment temperatures easily exceeding 130 degrees F, R-134a refrigerant will generate over 200 psi of pressure within the canister. Therefore, even with

FINDINGS AND RECOMMENDATION - 3

>   static placement (simple placement of the canister within
>   the engine compartment without being connected to the
>   refrigerant system), pressures within the R134a canister
>   can exceed the 180 psi structural capability of the
>   canister.
>
>   As a design alternative to structural robustness, a
>   pressure relief value, blowout plug or fusible link would
>   mitigate over (high) pressurization of the canister. The
>   automotive HVAC systems incorporate such safety pressure
>   relief mechanisms for these anticipated conditions.

(Plaintiff's Exhibit 1 at 1).

## II. LEGAL STANDARDS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S. 994 (1991). In deciding a motion for summary judgment, the court must determine, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994)(citations omitted). The parties bear the burden of identifying the evidence that will facilitate the court's assessment. Id.

The moving party bears the initial burden of proof. See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir.), cert. denied, 516 U.S. 987 (1995). The moving party meets

FINDINGS AND RECOMMENDATION - 4

this burden by identifying portions of the record on file which demonstrates the absence of any genuine issue of material fact. Id.  "[T]he moving party . . . need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case."  Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994), cert. denied, 513 U.S. 1191 (1995)(citation omitted); See City of Mt. Pleasant, Iowa v. Associated Electric Co-op, Inc., 838 F.2d 268, 273-274 (8th Cir. 1988)(it is sufficient for the movant to argue that the record does not contain an issue of fact and to identify that part of the record that supports that assertion).

In assessing whether a party has met their burden, the court must view the evidence in the light most favorable to the nonmoving party.  Allen v. City of Los Angeles, 66 F.3d 1052 (9th Cir. 1995). All reasonable inferences are drawn in favor of the nonmovant.  Id.

If the moving party meets their burden, the burden shifts to the opposing party to present specific facts which show there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816 (9th Cir. 1995), cert. denied, 517 U.S. 1167 (1996).  The nonmoving party cannot carry their burden by relying solely on the facts alleged in their pleadings. Leonard v. Clark, 12 F.3d 885, 888 (9th Cir. 1994).  Instead, their response, by affidavits or as otherwise provided in Rule 56, must designate specific facts showing there is a genuine issue for trial. Id.

FINDINGS AND RECOMMENDATION - 5

### III.  DISCUSSION

Defendant moves for summary judgment arguing that the SUVA 134a canister was not in an unreasonably dangerous condition at the time the product was sold and that it was not the cause in fact of plaintiff's injury.  In response, plaintiff argues that the expert report of Mr. Yamashita is sufficient to create an issue of fact.

ORS 30.900 holds manufacturers liable for personal injury damages arising out of any design defect in their products.  A product is unreasonably dangerous when it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it.  McCathern v. Toyota Motor Corp., 332 Or. 59, 76 (2001).  "Whether a product is dangerous to an extent beyond that which would be contemplated by the ordinary consumer is a factual question to be determined by the jury.  Id.  A plaintiff may demonstrate that a product is unreasonably dangerous by offering evidence that there is a practicable and feasible design alternative.  Id. at 78-79.  Evidence from which a jury could infer that a change in design would have been effective in preventing the accident is sufficient to create an issue of fact regarding causation.  Id. at 81-82.

The court finds that Mr. Yamashita's report is sufficient to create an issue of fact regarding whether the canister was unreasonable dangerous and whether the design of the product caused plaintiff's injury. Mr. Yamashita's opinion is clearly in conflict

with Mr. Howitt's opinion regarding the cause plaintiff's injuries.

## IV.   **RECOMMENDATION**

Based on the foregoing, it is recommended that defendant's motion for summary judgment (#46) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this    1    day of September, 2006.

/s/

UNITED STATES MAGISTRATE JUDGE

FINDINGS AND RECOMMENDATION - 7